ULISES CLAVELL-RÍOS, Plaintiff and Appellant, v. MARINO TORRES ET AL., Defendants and Appellees.

No. 3999.  Argued November 23, 1927.—Decided March 6, 1928.

*Felipe Colón Díaz* for the appellant.  *López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ulises Clavell brought an action of revendication in the district court of Ponce in June of 1926 against Marino and Allah Torres, the present owners of the plantation Caño Verde situated in the ward of Sabanetas of the municipal district of Ponce, claiming a piece of land of 2.25 acres situated in Sabaneta and worth $800, the plaintiff alleging that he had bought it in September, 1904, from Juan Camacho Ortiz according to a public deed recorded in his favor in the registry of property, and that the defendants are in possession of said property without any title thereto.

In their answer to the complaint the defendants alleged that they possessed the 2.25 acres as owners by inheritance from their father who bought in 1907 the plantation Caño Verde including the 2.25 acres which were acquired by their sellers, the successors of Rabasa, by exchange for another

property of 3 acres in 1904, and alleged other defenses in support of their case.

After a trial the district court rendered judgment dismissing the complaint, one of its grounds being the acquisition by exchange alleged by the defendants. In his appeal from that judgment the plaintiff assigns as a first error that the trial court admitted as proven the contract of exchange.

The evidence introduced at the trial consisted almost exclusively of the testimony of plaintiff Clavell, for he offered his own testimony and the deed of sale executed in his favor by Juan Camacho Ortiz in 1904. It appears from the testimony of Clavell that he bought the 2.25 acres from Francisco Guillén who had received it from Juan Camacho Ortiz in settlement of a debt and that as no written document had passed between them, the deed of sale was executed by Juan Camacho Ortiz directly in favor of the plaintiff in September, 1904, he being then informed that the property held by Guillén contained 3 acres that had been given to him by the owner of the plantation Caño Verde in exchange for the 2.25 acres the object of the present suit. This situation was accepted by Clavell who never took possession of the 2.25 acres, but of the three acres in the possession of Guillén, which 3 acres have been leased by Clavell to others, collecting the rent, and he has kept them in his possession until he lost them two or three years prior to the present litigation by a judgment rendered in an action of revendication brought against him by the heirs of Juan Camacho for the aforesaid 3 acres. In that action the owners of the plantation Caño Verde were not summoned. It appears from other evidence of the defendants that Clavell leased the 3 acres to Luciano Colón, authorizing him to remove the trees contained thereon and told him that he had received them in exchange for another parcel of 2.25 acres from Caño Verde, which statement was also made by him to Domingo García, Carlos Torres and to one of the defendants.

This evidence sufficiently shows that more than twenty years prior to the filing of the complaint herein the 2.25 acres which are now claimed were given to the plantation Caño Verde in exchange for 3 acres belonging to it and in the possession of Clavell since 1904, acting as owner, and that by virtue of that exchange the existence was shown of the contract of exchange defined in section 1441 of the Civil Code, notwithstanding the claim of the plaintiff that it was merely an exchange, because it was the exchange of one property for another; but as exchange is a means of acquiring ownership, we must come to the conclusion that although the appellant obtained in 1904 the ownership title to the 2.25-acre parcel now claimed by him in an action of revendication, he is not now its owner because he exchanged it for another parcel of 3 acres which he received and, consequently, he can not bring an action of revendication. Therefore, the lower court did not err in dismissing the complaint.

In view of the conclusion reached it is unnecessary to consider the other defenses alleged by the defendants and the judgment appealed from must be affirmed.

Justices Hutchison and Texidor took no part in the decision of this case.